**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2013

Lyle W. Cayce
Clerk

No. 12-60737

RODERICK KEITH GRAY,

Plaintiff - Appellant

v.

CITY OF BRUCE, MISSISSIPPI,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CV-90

Before STEWART, Chief Judge, HIGGINBOTHAM and JONES, Circuit Judges.

PER CURIAM:[*]

This case arises out of the City of Bruce's hiring of a Public Works Director. Roderick Gray, an African American, began working for the Public Works Department in Bruce, Mississippi ("the Department") on August 1, 1991. The longtime director of the Department retired at the end of 2009. Bruce's Board of Aldermen, composed of three Caucasians and two African Americans, advertised the position nationally, ultimately receiving over sixty applications, including an application from Gray. In a several step process, the Board hired

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a Caucasian candidate for the position. Gray filed suit against the City, alleging a claim for racial discrimination in violation of Title VII of the Civil Rights Act of 1964. He argued that he was the "logical candidate" for the position, but the Board did not promote him because of his race. In January 2012, when the newly-hired Director resigned, the Board voted unanimously to split the Department into two separate departments—the Water/Sewage Department and the Street Department—as it had existed when Gray was hired. Gray applied to be supervisor of the Water/Sewage Department, and the Board appointed him to that position. Gray then filed a supplemental complaint, adding a claim for retaliation. He argued that the Board did not appoint him to the Director position, but instead split the Department into two divisions, in retaliation because he had filed an EEOC charge and lawsuit.

The district court granted the City's motion for summary judgment on both claims. We turn first to Gray's claim for racial discrimination. The City does not contest that Gray made out a *prima facie* case of racial discrimination, nor does Gray contest that the City articulated a legitimate, non-discriminatory reason for its hiring decision—that the candidate who the City hired was better qualified than Gray.[1] The dispute turns on the third prong of the analysis—whether Gray offered sufficient evidence to create a genuine issue of material fact as to pretext, such that a rational jury could find that the City discriminated against Gray on the basis of race. Persuaded that Gray is entitled to a jury trial on his claim for racial discrimination, we REVERSE the district court's grant of summary judgment on that claim and REMAND for further proceedings.

With respect to Gray's claim for retaliation, we agree with the district court that Gray has not shown that the City "took an adverse employment action

---

[1] *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881–82 (5th Cir. 2003).

against him," as required to make out a prima facie case of retaliation.[2]  We therefore AFFIRM the district court's grant of summary judgment on that claim.

The judgment of the district court is AFFIRMED in part, REVERSED in part, and REMANDED.

---

[2] *See McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).